**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY,<br>　　　　　Plaintiff, | | CIVIL ACTION |
| 　　v. | | |
| AMERICAN DIAMOND BUILDERS, INC.<br>　　　　Defendant. | | NO.  20-1608 |

**MEMORANDUM**

**Joyner, J.**                                                        **July  31, 2020**

       In this declaratory judgment action, Raymond Marasheski has
filed a motion to intervene as of right pursuant to Federal Rule
of Civil Procedure 24(a), or alternatively, for permissive
intervention under Federal Rule of Civil Procedure 24(b).  For
the reasons that follow, the motion is DENIED.

## Factual Background

       Movant Raymond Marasheski was working as a superintendent
when he fell from a ladder that was allegedly constructed by
Defendant American Diamond Builders, Inc. ("ADB").  (Mov.
Memorandum of Law in Support of its Motion to Intervene and Stay
the Proceedings, Doc. No. 3-1 at 2.)  While Marasheski was
climbing, a ladder rung failed, causing Marasheski to fall three
stories and sustain serious injuries.  As a result, Marasheski
sued ADB in state court.

This declaratory judgment action was filed by Plaintiff Crum & Forster Specialty Insurance Company ("CFSIC") against ADB to obtain a judicial determination and declaration that the insurance policy ("Policy") issued by CFSIC to ADB is rescinded *ab initio*. (Pl. Crum & Forster Specialty Insurance Company's Opposition to the Motion to Intervene and Motion to Stay Proceedings of Raymond Marasheski, Doc. No. 4 at 3.) CFSIC argues that when applying for the Policy, ADB misrepresented or failed to disclose material information in applying for it, specifically, information regarding the address of ADB's physical location. Thus, CFSIC argues that the Policy is void. (Pl. Complaint for Declaratory Judgment, Doc. No. 1 ¶2.) To date, ADB has yet to respond to Plaintiff's Complaint.

On June 26, 2020, Marasheski filed the instant Motion to Intervene and for the Court to Stay the Matter, requesting that he be allowed to intervene in CFSIC's declaratory judgment action and that this Court stay CFSIC's action until the state court action has concluded. (See Doc. No. 3, ¶19.) Marasheski specifically argues that the action should be stayed pending the determination of whether service on a physical address that ADB used in the underlying state action was valid. Id. CFSIC filed its response in opposition to Movant's motion, arguing that Movant does not have a "legally cognizable interest" in the present action and thus cannot intervene. (Doc. No. 4 At 1.)

2

## Analysis

Federal Rule of Civil Procedure 24 governs the right to intervene.  Rule 24 provides in pertinent part:

> **(a)   Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
>
> > **(1)** is given an unconditional right to intervene by a federal statute; or
> >
> > **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b)   Permissive Intervention.**
>
> > **(1)** *In General.*  On timely motion, the court may permit anyone to intervene who:
> >
> > **(A)** is given a conditional right to intervene by a federal statute; or
> >
> > **(B)** has a claim or defense that shares with the main action a common question of law or fact.
> >  ….

Marasheski argues that he should be allowed to intervene both as of right and permissively.  (Doc. No. 3 ¶16.)

### Intervention as of Right Under Fed.R.Civ.P 24(a)(2)

Marasheski first argues that he may intervene in this action as of right under Rule 24(a)(2).  The Third Circuit has broken this rule into four elements each of which must be satisfied to establish intervention as of right: "(1) the application for intervention is timely; (2) the applicant has a

3

sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." <u>Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 366 (3d Cir. 1995) (<u>quoting</u> <u>Harris v. Pernsley</u>, 820 F.2d 592, 596 (3d Cir. 1987)).

CFSIC and Marasheski do not dispute that Marasheski's application to intervene is timely. (<u>See</u> Doc. No. 4.) To be sure, this action has just been commenced and discovery has yet to begin. Accordingly, this element is established. Marasheski further argues that (1) he has sufficient interest in the litigation, (2) there is a threat that his interest will be impaired by the disposition of the action in his absence, and (3) his interest is not adequately represented in this litigation. (Doc. No. 3-1 at 4-6.) The Court will address each of these arguments in turn.

## I.  Marasheski's Interest in the Litigation

To establish a "sufficient interest," a prospective intervenor must demonstrate "an interest relating to the property or transaction which is the subject of the action." Fed.R.Civ.P 24(a)(2). The Third Circuit has described this interest narrowly, as one "that is significantly protectable. This means that the interest must be a legal interest as

4

distinguished from interests of a general and indefinite character." <u>Liberty Mut. Ins. Co. v. Treesdale, Inc.</u>, 419 F.3d 216, 220 (3d Cir. 2005) (<u>quoting</u> <u>Mountain Top</u>, 72 F.3d at 366).

In <u>Treesdale</u>, the Third Circuit held that asbestos victims did not have a sufficient interest to intervene in a declaratory action regarding the asbestos manufacturer's insurance coverage. <u>Id.</u> at 221. The victims argued that their interest in a specific fund, the asbestos manufacturer's insurance policy, was sufficient to allow intervention as of right. <u>Id.</u> However, the Court explained that "a mere economic interest in the outcome of litigation is insufficient . . . . [T]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." <u>Id.</u> (citations omitted). The victims had "no property interest" in the policy, but rather, "the kind of economic interest in the insurance proceeds that . . . [the Third Circuit has] held does not support intervention as a matter of right." <u>Id.</u> at 222.

Marasheski argues that he has a contingent economic interest in the proceeds of the CFSIC Policy, asserting that he would be unable to recover from ADB in his state action without the insurance coverage. CFSIC argues that such an interest does not satisfy Rule 24(a)(2)'s "sufficient interest" requirement. The Court agrees. The interest that Marasheski seeks to protect

5

is precisely the kind of economic interest that the Third

Circuit held does not justify intervention under Rule 24(a)(2).

See Treesdale, 419 F.3d at 222.  While Marasheski may be correct

that ADB will be judgment proof absent the Policy coverage

provided by CFSIC, "the mere fact that a lawsuit may impede a

third party's ability to recover in a separate suit" is an

insufficient basis for intervention.  Treesdale, 419 F.3d at 221

(citations omitted).

　　　Marasheski also argues that Treesdale should be considered

non-binding on this motion, contending that the factual

differences in this case make Treesdale inapplicable.

Specifically, Marasheski contends that the defendant in

Treesdale was actively defending the declaratory judgment action

whereas here, ADB has not entered its appearance and is not

defending itself.  However, Marasheski cites no authority to

persuade the Court to ignore the precedent set forth by

Treesdale.  (See Doc. No. 3-1 at 5.)  What's more, this Court

has already rejected Marasheski's argument in a similar action

before it.  See Atain Ins. Co. v. Lesser, 2020 WL 919698 at *1

(E.D. Pa. Feb. 25, 2020).  In Atain, after the prospective

intervenor sued the insureds for damages resulting from a home

improvement contract, the insurer filed a declaratory judgment

action seeking a declaration that the insurance policy it issued

to the insureds did not cover the underlying suit.  Id.  Because

the insured defendants in that case had not responded to the insurer's Complaint, the prospective intervenor was concerned that the defendants' failure to defend themselves and assert their right to coverage would result in his inability to recover in his suit against the insureds.  Id.  Thus, he sought to intervene to protect his financial interest in the defendants' insurance policy.  Id.  However, the Court followed Treesdale's precedent and denied intervention notwithstanding the lack of appearance of the insured defendants in the declaratory judgment action.  Id.  Accordingly, here, the Court is not persuaded by Marasheski's argument that Treesdale is inapplicable to the present action.  Thus, Marasheski has failed to meet Rule 24(a)(2)'s "sufficient interest" requirement and his motion to intervene as of right must be denied.  See Treesdale, 419 F.3d at 221.

The Court examines the impairment and representation elements of the analysis "only after the applicant for intervention as of right has shown a protectable legal interest."  Treesdale, 419 F.3d at 227 (citations omitted).  As this Court has explained, Marasheski has not established a sufficient interest to intervene as of right. Therefore, the impairment and representation inquiries need not be addressed.  See id.  However, for the sake of completeness, the Court will

analyze the remaining elements required for a 24(a)(2) intervention.

## II.  Whether the Disposition of the Action Will Impair or Affect Marasheski's Interest

To meet the requirements of Rule 24(a)(2), the prospective intervenor must also "demonstrate that their interest might become affected or impaired, as a practical matter, by the disposition of the action in their absence." Mountain Top, 72 F.3d at 368 (citing U.S. v. Alcan Aluminum, Inc., 25 F.3d 1174, 1185 n. 15 (3d Cir. 1994)). "[T]he court must consider not only the nature of the relief sought . . . but also the practical consequences of such a ruling." W. Goshen Sewer Auth. v. U.S.E.P.A., 2013 WL 3914481, at *5 (E.D. Pa. July 30, 2013). Further, "[i]t is not sufficient that the claim be incidentally affected; rather, there must be a tangible threat to the applicant's legal interest." Brody ex rel. Sugzdinis v. Spang, 957 F.2d 1108, 1123 (3d Cir. 1992).

Here, Marasheski argues that because ADB has not responded to the Complaint in this action, denying his intervention would impair his ability to recover in the state court action should the Policy be rescinded by this declaratory judgment action. Specifically, Marasheski alleges that ADB is judgment proof, and that he would be unable to recover from ADB absent the Policy's coverage provided by CFSIC. CFSIC argues that as a non-party to

8

this litigation, Marasheski cannot argue that any determination made in this action regarding the Policy would have a preclusive effect upon Marasheski in the underlying state action.

In alleging that ADB is judgment proof, Marasheski has not provided any details or outlined what evidence exists that would support his claim that ADB is insolvent or illiquid or that ADB would be unable to satisfy any future judgments against it. Indeed, as Marasheski has not yet obtained a judgment against ADB in the underlying state action, this argument is "putting the proverbial cart before the proverbial horse." <u>Treesdale</u>, 419 F.3d at 224.  <u>See also</u> <u>Scranton Products, Inc. v. Bobrick Washroom Equip., Inc.</u>, 2018 WL 1175226, at *5 (M.D. Pa. Mar. 6, 2018).  There is a possibility that the practical consequences of denying intervention could limit Marasheski's recovery in state court or that his interest in recovery may be impaired or affected by the disposition in this declaratory judgment action. <u>See</u> <u>State Farm Fire and Cas. Co v. Spector</u>, 2016 WL 8668295, at *5 (E.D. Pa. Nov. 4, 2016).  However, this does not give rise to a legal interest in this action, but rather a mere economic one. And without more, even if those economic interests would be affected by the disposition of this case, Marasheski has not established a "tangible threat to the applicant's legal interest." <u>Brody</u>, 957 F.2d at 1123.

### III. Representation of Marasheski's Interest in this
####      Litigation

The United States Supreme Court has noted that the adequate representation requirement of Rule 24(a)(2) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Mountain Top, 72 F.3d at 368 (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 (1972)). "If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented." Id.

To determine whether Marasheski's interests would be adequately represented, the Court must therefore compare the respective interests of Marasheski and the parties to the declaratory judgment action. See id. Marasheski argues that his interests are not adequately represented, as the only other party in the case, Plaintiff CFSIC, has interests adverse to Marasheski's and Defendant ADB has not entered an appearance. (Doc. No. 3-1 at 6.) CFSIC does not dispute Marasheski's argument. (See Doc. No. 4.) As stated, Marasheski wishes to protect his ability to recover from ADB in the underlying state action. It is apparent that CFSIC will not represent that point of view in this proceeding, as it is seeking to rescind the Policy issued to ADB, which could limit Marasheski's ability to

10

recover in the state action.  Given that the burden is minimal, and in light of ADB's failure to appear[1], Marasheski has shown that his interests are not adequately represented in this action, because no one is defending the case against CFSIC.  <u>See Selective Way Ins. Co. v. Head</u>, 2011 WL 14590000, at *6 (E.D. Pa. Apr. 12, 2011).  Thus, Marasheski has met this requirement. Nevertheless, because *all* of the Rule 24(a)(2) requirements must be met for a party to be allowed to intervene as of right, and Marasheski has not done so, intervention must be denied.  <u>See Mountain Top</u>, 72 F.3d at 366.

<u>Permissive Intervention Under Fed.R.Civ.P. 24(b)(1)(B)</u>

As noted above, rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Permissive intervention lies within the discretion of the Court.  <u>Treesdale</u>, 419 F.3d at 227. However, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice

---

[1]  We note, however, that although it appears as though a summons was issued and forwarded to Crum & Forster's counsel on April 9, 2020, there is nothing on the docket of this matter which indicates that service of process was ever effectuated on ADB.  Thus, it is entirely possible that it may well enter an appearance and defend this matter once it has been properly served.  For purposes of our analysis of whether this element of the intervention "test" has been met, however, we shall assume the truth and validity of Marasheski's claim.

the adjudication of the original parties' rights."  Fed.R.Civ.P. 24(b)(3).

Where a declaratory judgment action and underlying claim turn on different facts to seek their desired outcome, they do not share common law or fact for the purposes of intervention. See Treesdale, 419 F.3d at 227.  In Treesdale, the Third Circuit found that the declaratory judgment action seeking to rescind an insurance policy had nothing to do with the underlying state action and whether the insured was liable for plaintiff's injuries.  Id.  Thus, for purposes of intervention, the Court held that there no common questions of law or fact between the two actions.  See id.  The Court went on to reason that "[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she can not accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability" for injuries caused.  Id. at 228.

We note that intervention has been denied in declaratory judgment actions involving insureds who allegedly made misrepresentations when procuring the insurance policies at issue.  See Whitford Land Transfer Co. v. Seneca Ins. Co., 2008 WL 834385 at *5 (E.D. Pa. Mar. 27, 2008); Seneca Ins. Co. v. Lexington and Concord Search and Abstract, L.L.C., 484 F. Supp.

2d 374, 380 (E.D. Pa. 2007).  In Seneca, the insurer was seeking
a declaratory judgment entitling it to rescind a policy due to
misrepresentations and omissions made by the insured when
procuring the policy.  484 F. Supp. 2d at 380.  The intervenor
was an insurance title underwriter suing the insured for breach
of an agency agreement.  Id. at 376.  The intervenor argued that
it should be permitted to intervene because both actions
involved the alleged improprieties of the insured.  Id.  The
Court, however, compared the present action to Treesdale and
found that given that the declaratory judgment action involved
interpreting the insurance policy in order to determine whether
the insured made misrepresentations when procuring it, the
declaratory judgment matter involved issues distinct from the
underlying state action, which was concerned with whether the
insured had breached its contractual obligations.  Id, at 380.
Thus, the Court found no common questions of law and fact and
denied the motion seeking permissive intervention.  Id.

     Marasheski claims that there is a common question of law
and fact regarding ADB's address that was used for purposes of
service in the state action and purposes of procuring the Policy
in the declaratory judgment action.  (Doc. No. 3-1 at 7.)  Like
Seneca, the declaratory judgment action here involves whether
CFSIC is entitled to rescind its insurance policy based on
misrepresentations put forth by ADB in procuring the policy.

13

(Doc. No. 1 ¶2.)  Thus, this action involves questions as to the
legal import of ADB's misrepresentations and requires
interpretation of the policy between CFSIC and ADB.  (Doc. No. 4
at 10.)  As in Seneca, these issues are distinct from those that
will be determined in Marasheski's underlying state action
against ADB, which will involve an examination of ADB's
liability for Marasheski's injuries.  Additionally, as stated,
Marasheski's primary concern is the potential impact on his
ability to recover in a possible future judgment against ADB
without coverage from the Policy.  Marasheski has, at best, a
"contingent financial interest in a declaratory judgment action
to establish insurance coverage."  Treesdale, 419 F.3d at 228.
As such, Marasheski cannot "accurately claim that there are
common questions of law or fact between the coverage dispute and
actions to determine liability for injuries."  See id.  Thus,
this Court is compelled to deny Marasheski's motion to intervene
pursuant to Fed.R.Civ.P. 24(b)(1)(B).

### Motion to Stay

"The decision to stay is one left to the district court as
a matter of its discretion to control its docket."  Mendez v.
Puerto Rican Int'l Cos., Inc., 553 F.3d 709, 712 (3d Cir. 2009
(quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460
U.S. 1, 20 n.3 (1983)).  Additionally, the Court is empowered to
stay proceedings pending the outcome of related proceedings.

See Standard Sanitary Mfg. Co. v. United States, 226 U.S. 20, 52 (1912).

Marasheski moves to stay this matter pending the resolution of the underlying state court action, essentially arguing that the resolution of this insurance coverage dispute is dependent on facts that will be determined in the state court action. (Doc. No. 3-1 at 8.)  Specifically, Marasheski argues that the issue of the physical location of ADB's address is common between both actions, and its determination by both the state and federal Court could lead to inconsistent results in each of the fora.  Id.

However, staying this matter until resolution of the state court action would effectively "moot Plaintiff's request for the Court's declaration with respect to its continuing duty to defend Defendant in the underlying state court action." Nationwide Prop. & Cas. Ins. Co. v. Zatyko, 2016 WL 6804436 at *6 (E.D. Pa. Nov. 16, 2016).  This Court, in its sound discretion, denies Movant's motion to stay the present action.

## Conclusion

For the reasons discussed above, Marasheski has failed to establish either a sufficient interest in this litigation or a common question of law or fact warranting such intervention, as required by Rule 24.  Accordingly, Marasheski's motion to

intervene and stay the matter is denied.  An appropriate order

follows.